| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 15-0400 (ES) |
| v. : | OPINION |
| RICKIE HORVATH : | |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Rickie Horvath's motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1), 18 U.S.C. § 3145(c), and Federal Rule of Criminal Procedure 38(b). (D.E. No. 373 ("Motion")). The Government opposes Mr. Horvath's Motion. (August 31, 2017 Letter Brief in Opposition to Plaintiff's Motion ("Opp.")). The Court declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b). *See* L. Civ. R. 78.1(b); L. Crim. R. 1.1. For the reasons discussed below, Mr. Horvath's Motion is DENIED.

**I.    Background**

Mr. Horvath is a 56-year-old man suffering from multiple health impairments, including a severe heart condition. (Motion at 1-2). On May 25, 2016, Mr. Horvath pleaded guilty to conspiring and agreeing with others to distribute oxycodone, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in violation of 21 U.S.C. § 846. (D.E. No. 305 ("Plea Agreement")). At the time of his plea agreement, Mr. Horvath was imprisoned as a state prisoner in connection with theft and insurance-fraud charges unrelated to the federal matter.[1] Mr. Horvath was released from state prison on July 8, 2016, and immediately transferred into federal custody.

---

[1] Specifically, on September 18, 2015, Mr. Horvath was charged in Union County, New Jersey, with theft and insurance fraud based on his theft of annuity payments belonging to a deceased man. On June 9, 2017, Mr. Horvath pleaded guilty before the Superior Court of New Jersey, Union County, to one count of third-degree theft by unlawful taking, in violation of N.J.S.A. 2C:20-3. The Superior Court sentenced Mr. Horvath to time-served, which accounted for the time he served in custody at Union County Jail and in federal pretrial detention, namely, from September 18, 2015 through March 24, 2017.

On March 16, 2017, Mr. Horvath requested release from federal prison due to his deteriorating health condition. (D.E. No. 343). On March 24, 2017, the Court granted Mr. Horvath's request and released him on bail conditioned on home confinement, among other restrictions. (D.E. No. 346).

Four months later, on July 24, 2017, the Court sentenced Mr. Horvath. (D.E. No. 363). In doing so, the Court adopted Mr. Horvath's Presentence Report ("PSR") without changes. Accordingly, Mr. Horvath had a total offense level of 21 and a criminal history category of III. Based on these calculations, Mr. Horvath faced an advisory guidelines sentencing range of 46 to 57 months' imprisonment.

At the sentencing hearing, Mr. Horvath moved for a downward departure due to his medical condition and his prior confinement in Union County Jail. Specifically, he "argued for a sentence of supervised release conditioned on community service, drug and mental health treatment with credit for all time served in custody since the issuance of the federal detainer against him on or about September 18, 2015, until his release on March 24, 2017." (Motion at 3). The Court granted a downward variance and sentenced Mr. Horvath to 41 months' imprisonment. In effect, the Court treated Mr. Horvath as if he had a criminal history category II—which essentially negated Mr. Horvath's Union County conviction for sentencing purposes—and thus faced an advisory guidelines sentencing range of 41 to 51 months' imprisonment. The Court analyzed the factors under 18 U.S.C. § 3553(a) on the record at length. In all, the sentencing hearing lasted two and a half hours. (D.E. No. 363).

On August 26, 2017, Mr. Horvath received a notice to surrender to the Bureau of Prisons ("BOP") at Butner Low FCI in Butner, North Carolina, on September 5, 2017. (D.E. No. 373-12). On August 28, 2017, Mr. Horvath requested that this Court stay his surrender for thirty days "to

allow for him to continue to recuperate from his heart surgery and so that his anticipated application for bail pending appeal may be argued and considered by the Court." (Motion at 4-5).

Mr. Horvath filed the present Motion on August 30, 2017. The next day, the Government opposed the Motion, and the Court granted Mr. Horvath's request to stay his surrender for thirty days. Mr. Horvath's Motion is ripe for adjudication.

## II. Discussion

### A. Legal Standard

Congress enacted the Bail Reform Act of 1984 to create a presumption in favor of post-conviction detention. *United States v. Miller*, 753 F.2d 19, 22-24 (3d Cir. 1985); 18 U.S.C. § 3143(b). Under this statute, a defendant must establish

> (1) that [he or she] is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Miller*, 753 F.2d at 24. In addition, a defendant convicted of an offense within the Controlled Substances Act punishable by more than 10 years must "clearly show[] that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Epstein*, No. 14-0287, 2016 WL 1435717, at *1-2 (D.N.J. Apr. 12, 2016) (discussing the meaning of "exceptional reasons" under § 3145(c)).

Relevant here, under the third prong's substantial-question analysis, "a court must determine that the question raised on appeal is a 'substantial' one, i.e., it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Miller*, 753 F.2d at 23. To that end, a defendant "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the

3

issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *United States v. Smith*, 793 F.2d 86, 89 (3d Cir. 1986). This analysis does not, however, "involve a prediction as to the likelihood of reversal or an order for a new trial." *United States v. Elwell*, No. 09-0864, 2012 WL 2133650, at *2 (D.N.J. June 12, 2012) (citing *Miller*, 753 F.2d at 23).

Because a defendant must demonstrate that the appeal (and not the initial issue before the district court) raises a substantial question of law or fact, the district court must look to the applicable standard of review when assessing the third prong. *See, e.g.*, *United States v. Jafari*, No. 12-0475, 2015 WL 4744375, at *4 (D.N.J. Aug. 10, 2015) (considering whether defendant's *Batson* challenge on appeal presents a substantial issue of law or fact in the context of a clear-error standard of review); *United States v. Onyenso*, No. 12-0602, 2015 WL 3761889, at *3 (D.N.J. June 16, 2015) (considering whether defendant's evidentiary challenges on appeal present substantial questions of law or fact in the context of an abuse-of-discretion standard of review).

The Third Circuit reviews a district court's sentencing decision in two steps. *United States v. Azcona-Polanco*, 865 F.3d 148, 152 (3d Cir. 2017). *First*, the court determines "whether a district court committed a procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* If the court identifies a procedural error, it "will generally remand for resentencing without going further." *Id.* *Second*, if the court finds that the district court's sentence is procedurally sound, it will review it for substantive reasonableness. *Id.*

"The abuse-of-discretion standard applies to both [the] procedural and substantive reasonableness inquiries." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

4

Furthermore, the Third Circuit will "affirm a court's procedurally sound sentence 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *United States v. Siddons*, 660 F.3d 699, 708 (3d Cir. 2011) (quoting *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010)).

### B. Analysis

The Court proceeds directly to the third prong of the analysis because (1) there is nothing before the Court to suggest Mr. Horvath poses either a risk of flight or a danger to the community; and (2) there is nothing before the Court indicating—and the Government did not argue—that Mr. Horvath brought this motion merely for purposes of delay. *See United States v. Hamilton*, No. 05-876, 2010 WL 3024864, at *2 (D.N.J. July 28, 2010) (proceeding directly to third and fourth prongs of analysis).

Mr. Horvath raises the following allegedly substantial question on appeal: "whether a sentence of 41 months, a significantly longer term than any prior sentence experienced by the defendant, without adjustment for all time already served while suffering from the advanced stages of congestive heart failure and while financially unable to post a $75,000.00 bail, is excessive and fundamentally unfair." (Motion at 6-7). Mr. Horvath argues that his sentence is excessive because it constitutes a "substantial increase in punishment for a low-level drug offense similar to any offense previously committed by Mr. Horvath." (*Id.* at 8). In particular, he points out that each of his "prior periods of detention for low-level state offenses is less than the time *served already* for the present offense (18-months combined in the Union County Jail and Essex County Correctional Center)." (*Id.* at 7) (emphasis in original).

Mr. Horvath also argues that his medical history and characteristics warrant a substantially reduced sentence. (*Id.* at 8-10). Mr. Horvath represents that he is "[s]uffering from the advanced

5

stages of congestive heart failure with an 'extremely poor' prognosis and 'compromised' life expectancy," and that these conditions are "sure to exacerbate [his] prison experience when compared to that of almost any other inmate." (*Id.* at 8). Mr. Horvath states that he was recently hospitalized and underwent a heart procedure, which has "further limit[ed] his already severely restricted physical capabilities." (*Id.* at 8-9). Mr. Horvath also complains that his BOP designation to Butner Low FCI in North Carolina is "hundreds of miles from his home and his family in Essex County, New Jersey" (although Mr. Horvath notes that this designation was "strictly because of his extremely poor physical condition and serious medical needs" and due to "no fault of his own"). (*Id.* at 8).

The Court concludes that Mr. Horvath has not met his burden of demonstrating a substantial question of law or fact. As an initial matter, Mr. Horvath does not contend that his allegedly substantial question is novel; rather, he argues that his 41-month sentence is a "fairly debatable sentence ripe for appellate review." (*Id.* at 9). The Court disagrees.

Although nearly all of Mr. Horvath's arguments concern the substantive reasonableness of his sentence, he also contends that the Court committed procedural error. This contention, however, is limited to a single general averment: that the Court "arrived at Its [sic] sentence by according undue weight to the Sentencing Guidelines, resulting in procedural error." (*Id.* at 9). As the Government correctly notes, Mr. Horvath does not explain *how* the Court gave "undue weight" to the Sentencing Guidelines. (*See* Opp. at 6; *see generally* Motion at 9-10). For example, Mr. Horvath does not argue that the Court improperly calculated the Guidelines range, relied on clearly erroneous facts, or failed to adequately explain the 41-month sentence. *See Azcona-Polanco*, 865 F.3d at 152. Instead, he simply recites the holding in *United States v. Booker* and generally alleges that, "[d]espite recent precedent cautioning sentencing courts to guard against it,

6

in practice it is often the case that the Guidelines calculation is the basis for the sentence." (Motion at 9-10) (citing 543 U.S. 220 (2005)). Without more, Mr. Horvath has failed to show that this issue—whether the district court committed procedural error constituting an abuse of discretion—is "fairly debatable." *See Smith*, 793 F.2d at 89; *Miller*, 753 F.2d at 24 (noting that the defendant bears the burden of proving the criteria under § 3143(b)).

Mr. Horvath primarily argues that his 41-month sentence, in light of his deteriorating medical condition and prior incarceration, is "excessive and unfair." (Motion at 8). This argument, as the Government observes, goes to whether the Court's sentencing decision was substantively reasonable. (*See* Opp. at 6). Thus, Mr. Horvath must show that it is "fairly debatable" that the Court abused its discretion and imposed a sentence that no reasonable sentencing court would have imposed on him for the reasons the Court provided at the sentencing hearing. *See Siddons*, 660 F.3d at 708; *Merced*, 603 F.3d at 214.

For the most part, Mr. Horvath merely rehashes the same arguments he made at the sentencing hearing (that his medical condition and time served warrant no jail time). The Court thoroughly considered and discussed these arguments over the course of two and a half hours.[2] Moreover, the Court granted Mr. Horvath a downward variance and sentenced him below the advisory guideline range. The Court also advised Mr. Horvath that it balanced his sentence against the sentences imposed on other members of the conspiracy. Finally, the Court notes that Mr. Horvath does not to provide the Court with any cases in which a defendant with a similar medical condition or incarceration history received a sentence like the one he seeks. In sum, Mr. Horvath

---

[2] To be sure, the Court's prior ruling at the sentencing hearing is not dispositive of the issue of bail pending appeal. *United States v. Eady*, No. 14-0277, 2015 WL 8966988, at *3 (D.N.J. Dec. 14, 2015) ("Even if the Court disagrees with Defendant's position, it may nonetheless find bail to be appropriate if it finds the question fairly debatable)." Rather, the Court concludes, for the reasons discussed herein, that Mr. Horvath has not met his burden of demonstrating that his appeal raises a substantial question of law or fact.

has failed to demonstrate that his appeal raises a "substantial question of law or fact." Thus, because Mr. Horvath cannot satisfy all four factors under § 3143(b)(1), the Court must deny his Motion.[3]

### III. Conclusion

For the foregoing reasons, the Court DENIES Mr. Horvath's Motion for bail pending appeal. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] Because Mr. Horvath has failed to establish that his appeal raises a substantial question of law or fact, the Court need not determine whether he has established the fourth factor under § 3143(b)(1) or the existence of "exceptional reasons why [his] detention would not be appropriate" under § 3145(c).